FILED
United States Court of Appeals
Tenth Circuit

April 19, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

JAMES D. McDANIEL,

    Movant.

No. 12-1122
(D.C. No. 1:03-CV-00611-LTB-PAC)
(D. Colo.)

---

**ORDER**

---

Before **BRISCOE**, Chief Judge, **HARTZ** and **GORSUCH**, Circuit Judges.

---

    James D. McDaniel, a Colorado state prisoner proceeding pro se, seeks authorization to file a second or successive 28 U.S.C. § 2254 habeas petition. We deny the motion.

    Mr. McDaniel was convicted after a jury trial of first degree kidnapping, two counts of first degree sexual assault, and first degree assault. His convictions were affirmed on direct appeal in 1999, and his petition for writ of certiorari from the Colorado Supreme Court was denied. Mr. McDaniel pursued various forms of state-postconviction relief, but his attempts were unsuccessful. He then filed a § 2254 petition in federal district court in 2003. The district court denied the petition and this court denied Mr. McDaniel's request for a certificate of appealability.

In his motion for authorization, Mr. McDaniel seeks to raise two new claims: (1) that his trial counsel was ineffective for failing to convey a plea offer to him; and (2) that his trial counsel was ineffective for failing to conduct a sufficient investigation and prepare for trial. He contends that these claims rely on a new rule of law, citing to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the Supreme Court held that: "Inadequate assistance of counsel at initial-review [state] collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id*. at 1315.

To be entitled to authorization, Mr. McDaniel must show that his claims implicate a new rule of constitutional law that has been made retroactively applicable by the Supreme Court to cases on collateral review. *See* 28 U.S.C. § 2244(b)(2)(A). Mr. McDaniel has not established his entitlement to authorization under this standard.

First, the Supreme Court made clear it was not deciding the *Martinez* case on constitutional grounds. *See*, *e.g.*, *Martinez*, 132 S. Ct. at 1313 (noting that petitioner "frames the question in this case as a constitutional one," but explaining that there is "a more narrow, but still dispositive" formulation of the question); *id*. at 1315 (noting open "question of constitutional law" about a possible exception to another Supreme Court decision but explaining that "[t]his is not the case . . . to resolve whether that exception exists as a constitutional matter"); *id*. at 1319 (explaining the differences between the "equitable ruling of

this case" and a "constitutional ruling"). Second, the Supreme Court did not make *Martinez* retroactively applicable to cases on collateral review.

Finally, even if *Martinez* involved a new rule of constitutional law that was made retroactively applicable to cases on collateral review, it is not clear that the *Martinez* holding would entitle Mr. McDaniel to authorization. The petitioner in *Martinez* brought ineffective-assistance-of-trial-counsel claims in his federal habeas petition and the district court denied the claims as procedurally defaulted because they had not been raised in his initial state post-conviction proceeding. *See id*. at 1314-15. The Supreme Court held that inadequate assistance by petitioner's post-conviction counsel could establish cause to excuse the procedural default of his ineffective-assistance-of-trial-counsel claims on federal habeas review. *See id*. at 1320-21. But Mr. McDaniel does not explain how the *Martinez* holding would excuse his failure to raise his new ineffective-assistance-of-trial-counsel claims in his first *federal* habeas petition (as the petitioner did in *Martinez*) and permit him to bring them in a successive petition.

Because Mr. McDaniel cannot meet the requirement for authorization in § 2244(b)(2), we DENY his motion. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of

certiorari."  28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

ELISABETH A. SHUMAKER, Clerk